**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angel Pete Ruiz,<br><br>    Petitioner,<br><br>v.<br><br>Arizona Department of Corrections, et al.,<br><br>    Respondents. | No. CV-20-00236-TUC-DCB<br><br>**ORDER** |

    This matter was referred to Magistrate Judge Lynnette C. Kimmins, pursuant to Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a). On September 2, 2021, Magistrate Judge Kimmins issued a Report and Recommendation (R&R). (Doc. 24.) She recommends that the Court deny the Petition for Writ of Habeas Corpus, which Petitioner brings pursuant to 28 U.S.C. § 2254. The Magistrate Judge found the Petition is not time barred but is meritless. The Court accepts and adopts the Magistrate Judge's R&R as the findings of fact and conclusions of law of this Court, denies the Petitioner habeas relief, and dismisses the Writ of Habeas Corpus.

## STANDARD OF REVIEW

    The duties of the district court in connection with a R&R by a Magistrate Judge are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1). Where the parties object to a R&R, "'[a] judge of the [district] court shall make a de novo determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)).

This Court's ruling is a de novo determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1)(C); *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir.2003) (en banc). To the extent that no objection has been made, arguments to the contrary have been waived. Fed. R. Civ. P. 72; see 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the R&R), *see also McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation)).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. *See also*, Fed. R. Civ. P. 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). The Court has considered the objections filed by the Defendants, and the parties' briefs considered by the Magistrate Judge in deciding the motions to dismiss.

## OBJECTIONS

The State objects to the Magistrate Judge's procedural finding that the habeas claims are not time barred. The Petitioner objects to her determination that his claims lack merit.

There is a split between the federal district courts applying Arizona case law and controlling rules for determining when Post Conviction Review (PCR) is concluded in the Arizona state courts for the purpose of tolling the 1-year statute of limitations for filing a habeas petition. The Court adopts the conclusions of law as applied to the facts of this case as set out in the R&R. (R&R (Doc. 24) at 3-7.) The Court agrees "that the outcome should be the same whether or not a defendant seeks review at the Arizona Supreme Court." *Id.* at 6. The state appellate court's issuance of the mandate following the Arizona Supreme Court's denial of a petition for review concludes the PCR.

The Court also agrees with the Magistrate Judge's findings of fact and conclusions

of law on the merits of the Petition.

Claim 1 is meritless because the newly discovered evidence that the victim allegedly recanted his identification of Petitioner does not allege a federal constitutional claim. *Id.* at 9 (citations omitted). "Claims of newly discovered evidence that relate only to the guilt or innocence of a state prisoner do not warrant federal habeas corpus relief, . . . To constitute a basis for relief, such claims must establish an independent constitutional violation." *Id.* (citation omitted).

To the extent the Petitioner argues in the Objection that claim 1 alleges a 4th Amendment violation, the Defendant is correct that Petitioner failed to exhaust this claim in the state courts. (Response (Doc. 27) at 2.) This claim is procedurally defaulted and now barred. *Id.* It would, necessarily, fail on the merits too. He argues that, given the recantation of the victim's identification of him, there was no probable cause for his arrest. The recantation, which came after his arrest, as a matter of fact could not support a 4th Amendment claim because probable cause is based on the facts as known by the arresting officer at the time of the arrest, which in this case were the allegedly recanted statements of L.H. The arresting officer did not know of the recantation which came later in the sequence of events.

Claim 2 alleges that trial counsel was ineffective by failing to subpoena the arresting officer and/or the Petitioner to testify at the hearing on the motion to suppress. According to the Petitioner, the first alleged mistake allowed hearsay evidence to be considered when the lead officer, instead of the arresting officer, testified at the hearing. The failure to call the Petitioner prevented the judge from assessing his credibility and discovering the witness' inability to make an in-court identification. These *Strickland* claims were denied by the state courts. The Court agrees with the Magistrate Judge that the state court denials of these claims were not objectively unreasonable. *See* (R&R (Doc. 24) (Claim 2a) at 11-12; (Claim 2b) at 12-13)). For this Court to find a state court's application of Supreme Court precedent "unreasonable," the Petitioner would have to show that their decisions were not merely incorrect or erroneous, but "objectively

unreasonable." *Id.* at 9 (citations omitted). Petitioner has failed in this regard, and his Petition fails too.

## CONCLUSION

The Court finds that Magistrate Judge Kimmins issued a well-reasoned R&R in law and fact. After de novo review of the issues raised in the parties' Objections, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in her R&R for determining the Petition. The Court adopts it, and for the reasons stated in the R&R, the Court denies the Petition for Habeas Corpus Relief, Pursuant to 28 U.S.C. § 2254.

**Accordingly**,

**IT IS ORDERED** that the Motion to Strike the Petitioner's Reply (Doc. 29) is DENIED, allowing the Petitioner's reply to the 4th Amendment discussion in the Defendant's Objection.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. 24) is adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Petition for Habeas Corpus (28 U.S.C. § 2254) (Doc. 1) is DENIED; the Clerk of the Court shall enter Judgment accordingly.

**IT IS FURTHER ORDERED** that in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability, pursuant to Rule 11(a) of the Rules Governing Section 2254, because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 29th day of October, 2021.

_____
Honorable David C. Bury
United States District Judge